# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| THOMAS CLARK,<br><br>      Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>      Defendant. | No. C05-3039-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

_____

      This matter comes before the court pursuant to United States Magistrate Judge Paul A. Zoss's Report and Recommendation in this judicial review of the denial by an administrative law judge ("ALJ") of Title XVI supplemental security income. Judge Zoss determined that there was not substantial evidence in the record as a whole to support a finding that Thomas Clark ("Clark") is not disabled due to Clark's degenerative arthritis of the lumbar spine, disc disease, chronic low back pain, and other chronic pain.

      Judge Zoss's Report and Recommendation concluded that the ALJ failed to fairly develop the record and that the denial of benefits is not supported by substantial evidence. *Clark v. Barnhart*, No. 05-3039-MWB , 2006 WL 581253, *1 (N.D. Iowa, Mar. 10, 2006). Specifically Judge Zoss stated:

> Besides the lack of evidentiary support in the record for the ALJ's RFC determination, the court's conclusion is based on two additional concerns. First, in October 1994, a different ALJ found the medical evidence showed Clark had "severe degenerative arthritis of the lumbar spine at L5-S1, and degenerative disc disease of the L5 disc; chronic low back and neck pain; pain and intermittent swelling of the right scrotum;

> and recurrent inflammatory uveitis of the left eye." (R. 34) At that time, the ALJ found Clark could not walk more than 100 feet, stand for more than fifteen minutes, sit for more than thirty minutes, and lift/carry more than five to ten pounds occasionally, with no repeated lifting of any amount of weight. (R. 35) It is of some concern to the court that the record contains no evidence to suggest Clark's degenerative arthritis had or had not improved since 1994, nor does the record contain other evidence to explain this inconsistency.

*Id.* at 17. Further, Judge Zoss found the record does not contain substantial evidence to support the ALJ's determination that Clark is able to work. *Id.* However, Judge Zoss also found that the record does not contain substantial evidence to support Clark's claim of disability. Judge Zoss opined:

> However, the court finds the record does not contain substantial evidence to support the ALJ's RFC determination, or his conclusion that Clark can return to his past relevant work as a flagman. Because the ALJ's RFC determination was fault(y), his hypothetical question to the VE also was deficient. Nevertheless, despite these findings, the court disagrees with Clark's assertion that the record contains substantial evidence to support an immediate award of benefits. The court recommends this case be remanded for a new hearing, before a different ALJ, with instructions to more fully develop the record with regard to Clark's physical functional limitations.

*Id.* Additional evidence from the vocational expert might alter the outcome of the disability determination, and the ALJ had a duty to obtain such evidence fully and fairly. *Id.* Therefore, Judge Zoss recommends this case be remanded for further proceedings specifically regarding Clark's ability to work full-time, and to develop the record as may be necessary. *Id.*

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

2

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*).

In this case, no objections have been filed. Thus, the court concludes *de novo* review, required under the plain language of the statute only for "those portions of the report or specified proposed findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1) is not required here, and the court will instead review only for plain error. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for plain error where no objections to magistrate judge's report were filed). Upon plain error review, the court finds no grounds to reject or modify the Report and Recommendation.

The ALJ's decision to deny benefits is **overruled**, and the Report and Recommendation is **accepted**. *See* § 28 U.S.C. 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). Because the ALJ failed to fairly develop the record, the court **reverses** the ALJ's decision and **remands** this case to the Commissioner for further development of the record consistent with this opinion. 42 U.S.C. § 405(g). On remand,

3

the ALJ must develop the record as necessary to determine the exertional limitations upon Clark's employment and shall, thereafter, issue a new decision consistent with the opinion of this court.

**IT IS SO ORDERED.**

**DATED** this 8th day of May, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA